Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| JOHNNY PARSON JR., an Individual,<br><br>      Plaintiff,<br><br>  v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>      Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $100,000<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Johnny Parson Jr., through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Johnny Parson Jr., lives in Clackamas County, Oregon. Defendant is a public corporation incorporated in, and with a principal place of business, in Oregon. The OHSU Board of Directors, whose members are appointed by the governor and approved by the State Senate, governs the university. As a public

corporation, it receives federal and state funding. Plaintiff exhausted his administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about July 13, 2023.

2.

At all times material to this Complaint, Plaintiff was a resident of Clackamas County, Oregon.

3.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

4.

Plaintiff worked without incident for approximately four years as a Department of Family Medicine Human Resource Manager at Defendant's facility. Plaintiff's position as a Human Resource Manager was made fully remote at the start of the pandemic. Plaintiff worked, and still works, successfully and exclusively from home with no in-person contact with co-workers. His role has never required contact with patients.

5.

Plaintiff is also a devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of his faith to the best of his ability.

6.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with his work requirements. The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in and for health care facilities.

7.

In the summer of 2021, Defendant announced it would be implementing and enforcing a COVID-19 vaccine mandate in the workplace. Plaintiff was informed that those individuals with medical conditions or religious beliefs in conflict with the vaccine and/or to the taking of the vaccine could apply for medical and religious exceptions. As a devout Christian, Plaintiff had serious objections to taking the vaccine because it would constitute violating his bodily integrity and tainting the purity of his body. In addition, Plaintiff believes that receiving any of the COVID-19 vaccines would be a complicit action in the act of abortion, which he believes is murder, and is strictly prohibited. On or about September 19, 2021, Plaintiff filed the formal paperwork for a religious exception and anticipated it would be granted.

8.

On October 2, 2021, Plaintiff was notified that his exception request was denied. He was devastated and traumatized as he is the sole provider for his family, members of which have long-term health problems.  On or about October 19, 2021, Plaintiff was placed on unpaid leave, forcing him to use his earned time off hours to maintain his income. Plaintiff was subjected to extreme stress as his superiors constantly pressured Plaintiff to decide if he was going to become vaccinated.  Plaintiff felt pressured and coerced into taking the vaccine and making a health decision that is in direct opposition to his belief system, in order to maintain his livelihood and support his family.

9.

As a consequence of Defendant's unlawful action, Plaintiff suffered mental and emotional stress and anxiety regarding how to provide for his family without compromising his beliefs, social

stigma associated with his personal medical information (vaccine status) being made public in the workplace, and physical repercussions due to stress, including insomnia and pain in his neck, upper back and shoulders.  In addition, Plaintiff has had constant health problems since receiving the COVID-19 vaccine in November 2021. These include ongoing headaches, sinus congestion, and heart complications. Plaintiff has ongoing fears for his health and for the future of his family.

10.

The Defendant has yet to explain why, in its view, after two years working remotely, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk. Working remotely from home was productive and satisfactory for both Plaintiff and Defendant.  There was no need for additional accommodation as he was already working remotely full-time.

11.

Upon information and belief, the Defendant's adverse employment actions, including failing to grant an exception, and coercion against Plaintiff to take the vaccine against his religious beliefs were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on his sincerely held religious beliefs and retaliation for expressing those beliefs. Plaintiff did not need any additional accommodation as he was already working fully remotely.

12.

Because of the Defendant's unlawful adverse employment actions against Plaintiff, Plaintiff has suffered mental, physical, and emotional injuries. He has also been ostracized and stigmatized unfairly for his religious convictions, resulting in emotional stress, trauma and social stigma.

\\\

## FIRST CLAIM FOR RELIEF
### (Unlawful Employment Discrimination Based on Religion in Contravention of Or. Rev. Stat. § 659A.030)

13.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

14.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

15.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

16.

When Plaintiff raised his well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an unfair hardship to have allowed Plaintiff to continue working remotely from home without taking the vaccine, as was done for the two years before the imposition of the COVID-19 vaccine mandate.

17.

Instead of continuing the reasonable accommodation that was already in place and that would have allowed accommodation for his religious beliefs, the Defendant engaged in a series of adverse employment actions and retaliatory actions, ultimately forcing Plaintiff to receive a vaccine that went against his religious beliefs in order to maintain his livelihood and healthcare for his family.

18.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of at least $100,000.00 in non-economic damages or in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

### SECOND CLAIM FOR RELIEF
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)**

19.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

20.

Plaintiff is a member of a protected class on the basis of his devout and sincerely held religious belief in the tenants of Christianity.

21.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

22.

When Plaintiff raised his well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working remotely, as was done for the two years before the imposition of the COVID-19 vaccine mandate.

23.

Instead of continuing the reasonable accommodation that was already in place and that would have allowed accommodation for his religious beliefs, the Defendant engaged in a series

of adverse employment actions and retaliatory actions, ultimately forcing Plaintiff to receive a vaccine that went against his religious beliefs in order to maintain his livelihood and healthcare for his family.

24.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $100,000.00, for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $100,000.00.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 30th day of August, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff